

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DANIEL PAYNE SHADWELL,<br>  Plaintiff,<br><br>v.<br><br>HOLLY CLARK,<br>  Defendant. | Civil Action No. 5:09CV00071<br><br>**MEMORANDUM OPINION**<br><br>By: Samuel G. Wilson<br>United States District Judge |

Pro se Plaintiff Daniel Payne Shadwell, seeking to proceed in forma pauperis, brings this action under the Driver's Privacy Protection Act of 1994, 18 U.S.C. §§ 2721-25 (2006) ("DPPA"). Shadwell alleges that Defendant Holly Clark (a.k.a. Parker) impermissibly accessed Shadwell's department of motor vehicles ("DMV") records. Shadwell seeks liquidated and punitive damages against Parker, who is an employee of Virginia's Department of Social Services, Division of Child Support Enforcement ("DCSE"). On two previous occasions, the court dismissed similar complaints by Shadwell because the complaints failed to state a facially plausible claim for relief. Shadwell v. Clark, 5:09 cv 00041 (W.D. Va July 9, 2009). Shadwell's latest complaint is another unsuccessful effort to recast the previous complaints without curing their critical deficiencies. Accordingly, the court grants Shadwell's application to proceed without prepayment of fees, but dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)[1]

---

[1] Although 28 U.S.C. § 1915(a)(1) states
>  [s]ubject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such *prisoner* possesses . . .,

28 U.S.C. § 1915(a)(1) (2006) (emphasis added), case law makes it clear that the affidavit requirement of this statute applies to all persons, not just prisoners. The Fourth Circuit has only

because Shadwell has not stated a claim upon which relief can be granted.

I.

Shadwell's previous complaints alleged a history of "ongoing litigation" with DCSE, which began in 1997 when DCSE successfully initiated proceedings against Shadwell to determine parentage and collect child support.[2] (Previous Compl. 2.) Following this determination, Shadwell alleges that DCSE improperly suspended his driver's license twice – once in August 1997, and, more recently, in March 2009. After being charged with "driving without an Operator's" license Shadwell subpoenaed his DMV records and learned that over the prior two years DCSE employees had accessed his DMV records multiple times, amounting to

---

indirectly addressed the issue. See Michau v. Charleston County, 434 F.3d 725 (4th Cir. 2006) (indicating that 28 U.S.C. § 1915(e) governs in forma pauperis filings *in addition to* complaints filed by prisoners) (emphasis added). At least the Third, Fifth, Sixth, Tenth, and Eleventh Circuits, however, have all concluded that the affidavit requirement of 28 U.S.C. § 1915(a)(1) applies to all persons. See Douris v. Middletown Township, 293 Fed.Appx. 130, *132, 2008 WL 4195150 (3rd Cir. 2008) (stating that "[t]he reference to prisoners in § 1915(a)(1) appears to be a mistake. *In forma pauperis* status is afforded to *all* indigent persons, not just prisoners) (emphasis added); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997) (holding that "the PLRA requires *all* petitioners to file an affidavit complying with section 1915(a)(1), but only prisoners must satisfy the requirements of section 1915(a)(2) and 1915(b)") (emphasis added); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997) (concluding that "[d]espite the use of the term 'prisoner possesses,' . . . a typographical error in the final version of the statute occurred and . . . Congress actually intended the phrase to be '*person* possesses'") (emphasis added); Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (noting that [s]ection 1915(a) applies to *all* persons applying for IFP status, and not just to prisoners") (emphasis added); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004) (stating that "[d]espite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to *all* persons requesting leave to proceed IFP") (emphasis added).

[2]In this court, Shadwell has challenged the legality of his child support obligations, as well as an order of the Winchester Juvenile and Domestic Relations Court finding Shadwell in civil contempt for his failure to pay child support. The court has previously dismissed both actions. See Shadwell v. Conover, No. 7:08-cv-00539, 2008 WL 4533927 (W.D. Va. Oct. 9, 2008) (civil contempt); Shadwell v. Kaine, No. 5:08-cv-00041, 2008 WL 2278610 (W.D. Va. June 3, 2008) (legality of child support payments).

2

"approximately 45 illegal inquiries." (Id. at 4, 7.) Given that his address has not changed and that he alleges that he has complied with "Court Orders of Support," Shadwell contends that the frequent "access by DCSE employees while in the middle of constant litigation for the past several years would have no permissible or reasonable purpose under Virginia law, and such access would constitute a violation of the federal [DPPA]." (Id. at 5.)

His original complaint, which contained six counts, sought liquidated and punitive damages as well as injunctive relief against the six Department of Social Services, DCSE employees who accessed his records. The court dismissed that complaint because its factual allegations were insufficient to raise a claim that was plausible on its face that the six employees accessed his personal, driver's license related information for an improper purpose. Following the court's dismissal, Shadwell again sued the same six employees. In his second complaint, Shadwell added the allegation that "[t]he named parties illegally disseminated 'personal information', [sic] while not performing any approved authorized 'functions' of any local, state or federal agency." (Previous Compl. 2.) He also included a host of legal conclusions that he bases on that allegation. (Id.) For example, his complaint alleges:

> The defendant's actions had nothing to do with their official job functions. The Commonwealth courts, in co-operation [sic] and collusion with the Named Individuals, continue to act without jurisdiction against plaintiff in extorting his income from him in amounts that far exceed State and Federal laws of over 80%, and have further restricted his Civil Liberties and Property Rights, by their abuse of authority in utilizing information obtained from one State agency for other purposes and dissemination .

(Id. at 5.) The court dismissed Shadwell's second complaint because its factual allegations, like the factual allegations contained in Shadwell's original complaint, were also insufficient to raise a claim that was plausible on its face that the six employees accessed his personal, driver's

license related information for an improper purpose.

Not to be deterred, Shadwell has filed another complaint. This time, however, Shadwell has named only one defendant: Parker. Shadwell's newest complaint merely alleges that Parker placed a 911 call to the City of Winchester Police department to tell the department that Shadwell was "driving on a suspended license" and to request that a "be on the lookout" order be issued. (New Compl. 2.) He further alleges that "the defendants'[sic] actions had nothing to do with their official job functions." (Id.) Shadwell's complaint also cites 18 U.S.C. § 2725(3), which defines "personal information" under the DPPA as *not* including "driving violations, and driver's status." (Id.) (emphasis in original).

## II.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an in forma pauperis complaint if it "fails to state a claim upon which relief may be granted." "Factual allegations must be enough to raise a right to relief above the speculative level"; the complaint must have "enough facts to state a claim to relief that is plausible on its face."[3] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim." Walker v. Prince George's County, – F.3d –, 2009 WL 2343614, *5 (4th Cir. July 30, 2009) (O'Connor, J.) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). Therefore, the court is "'not bound to

---

[3] Courts of Appeal have applied Twombly's plausibility standard to dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). See, e.g., Brown v. City of Pittsburgh, No. 08-3947, 2009 WL 1059543 at *2 (3d Cir. Apr. 21, 2009); Hall v. Sec'y for Dep't of Corr., 304 Fed. App'x 848, 849 (11th Cir. 2008); Killebrew v. St. Vincent Health, Inc., 295 Fed. App'x 808, 810 (7th Cir. 2008); Garza v. Bandy, 293 Fed. App'x 565, 566 (10th Cir. 2008); Bray v. Young, 261 Fed. App'x 765, 767 (5th Cir. 2008).

4

accept as true a legal conclusion couched as a factual allegation.'" Id.

"The DPPA establishes a regulatory scheme that restricts the States' ability to disclose a driver's personal information without the driver's consent." Reno v. Condon, 528 U.S. 141, 144 (2000). The act "prohibits disclosures of *personal information* by a state's department of motor vehicles and any officer, employee, or contractor thereof." Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1109 (11th Cir. 2008) (referencing 18 U.S.C. § 2721(a)) (emphasis added). 18 U.S.C. § 2725(3) defines "personal information" as

> information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but *does not include information on vehicular accidents, driving violations, and driver's status*.

18 U.S.C. § 2725(3) (2006) (emphasis added).

The act provides a private cause of action against a "person who knowingly obtains, discloses or uses *personal information*, from a motor vehicle record, for a purpose not permitted under this chapter." 18 U.S.C. § 2724(a) (emphasis added). The act does provide fourteen permissible uses of personal information, however, two of which are relevant here:

> (b) Permissible uses.--Personal information[4] . . . may be disclosed as follows:
> (1) For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity

---

[4]Shadwell has not specified what information DCSE employees retrieved from his DMV records, but the court notes that the DPPA differentiates between "personal information" and "highly restricted personal information." "[P]ersonal information" is "information that identifies an individual" not including "information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3). "[H]ighly restricted personal information," a subset of "personal information," includes "an individual's photograph or image, social security number, medical or disability information." 18 U.S.C. § 2725(4). "[H]ighly restricted personal information" may also be disclosed pursuant to the two permissible uses outlined above. 18 U.S.C. § 2721(a)(2).

5

> acting on behalf of a Federal, State, or local agency in carrying out its functions.
> . . .
> (4) For use in connection with any civil, criminal, administrative or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

18 U.S.C. § 2721(b)(1), (4). Permissible uses are not affirmative defenses; rather, the plaintiff has the burden of showing that the "obtainment, disclosure, or use was not for a purpose enumerated under § 2721(b)." Thomas, 525 F.3d at 1111.

Applying these principles, Shadwell has not plausibly alleged sufficient facts to demonstrate that Parker accessed his personal driver's information in violation of the DPPA. The DPPA only provides a private cause of action for improper disclosures of "personal information." However, Shadwell's complaint merely alleges that Parker called the City of Winchester Police Department and told them that Shadwell was "driving on a suspended license." (New Compl. 2.) The information that Shadwell was "driving on a suspended license" relates either to Shadwell's status as a driver or, alternatively, to the driving violation of driving without a valid license. Either way, the allegations in Shadwell's own complaint reveal that the information gathered by Parker does not fall within the protection of the DPPA because the information disclosed does not fall within the statutory definition of "personal information." See 18 U.S.C. § 2725(3). Therefore, it is irrelevant whether Parker's actions had anything to do with her official job functions because she has not disclosed any information protected by the act.

Even if there were sufficient facts to establish that Shadwell's personal information had been accessed, Shadwell, nevertheless, has not alleged sufficient facts to demonstrate plausibly that Parker accessed his driver's information "for a purpose not permitted under [the DPPA]."

6

18 U.S.C. § 2724(a). In addressing Shadwell's previous complaints, the court found that Shadwell's allegations that he had been in litigation in the Virginia courts regarding his child support obligations and that the six named defendants had accessed DMV records in "collusion" with the state courts actually suggested two proper purposes – use by a government agency in carrying out its functions, and use in connection with a civil or criminal proceeding. His factual allegations in no way raised a right to relief above the speculative level or provided enough facts to state a claim for relief that was plausible on its face then, nor do they now.[5] Shadwell has merely alleged that Parker called the police department and informed them that Shadwell was "driving on a suspended license," and that her actions "had nothing to do with [her] official job functions." (New Compl. 2.) In light of the two permissible uses outlined above, however, the current allegations against Parker do not raise Shadwell's right to relief above the speculative level. Accordingly, the court dismisses Shadwell's Complaint because it fails to state a claim

---

[5]Shadwell has not named the Virginia DMV as a defendant, but he additionally requests that the court enjoin the Virginia DMV "from making any further inquiries into [Shadwell's DMV records] without first seeking leave of this Court to do so," and also that the court assess the Virginia DMV a $5000 daily civil penalty for "permit[ting] unfettered and unaudited access to the DMV information systems." (Compl. 8.) The court dismisses these additional requests.

Even if Shadwell had named the Virginia DMV as a defendant, Eleventh Amendment sovereign immunity would bar the action. See Fla. Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982) ("A suit generally may not be maintained directly against the state itself, or against an agency or department of the State, unless the State has waived its sovereign immunity."). With regard to the civil penalty, Shadwell is correct that if a State's DMV has a "policy or practice of substantial noncompliance" with the DPPA, the Attorney General can impose a civil penalty of no more than $5000 "a day for each day of substantial noncompliance." 18 U.S.C. § 2723(b). But "[a]ny action under § 2723 would be brought by the United States," not a private litigant like Shadwell. Travis v. Reno, 163 F.3d 1000, 1006 (7th Cir. 1998). Moreover, presumably to "forestall[] any concern under the eleventh amendment," id. at 1006-07, the private cause of action under 18 U.S.C. § 2724(b) does not permit Shadwell to sue the Virginia DMV because the DPPA excludes "a State or agency thereof" from its definition of "person." 18 U.S.C. § 2725(2).

upon which relief may be granted.

### III.

For the reasons stated, the court grants Shadwell's application to proceed without prepayment of fees but dismisses Shadwell's Complaint.

**Enter**: This September 16, 2009.

_____
UNITED STATES DISTRICT JUDGE